**UNITED STATES of America, Appellee,**

v.

**Luke AUSTIN, Defendant–Appellant.**

**No. 578, Docket 93–1439.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 2, 1993.

Decided Feb. 11, 1994.

Sarah A. Chambers, Assistant Federal Public Defender, New Haven, CT, for Defendant–Appellant.

Mark G. Califano, Assistant United States Attorney, District of Connecticut, New Haven, CT (Albert S. Dabrowski, United States Attorney, District of Connecticut, New Haven, CT), for Appellee.

Before: LUMBARD, KEARSE and JACOBS, Circuit Judges.

JACOBS, Circuit Judge:

Defendant-appellant Luke Austin appeals from the sentence imposed following his plea of guilty to one count of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A). Although Austin freely admits that he illegally purchased and resold a total of 36 firearms, he pleaded guilty only to the purchase and resale of five firearms that were bought by a government agent. The United States District Court for the District of Connecticut (Dorsey, J.) found that Austin lacked remorse because he refused to assist the government in the recovery of the other 31 firearms, and for that reason denied Austin a reduction in sentence for acceptance of responsibility.

On appeal, Austin contends that the district court erred in denying him a reduction for acceptance of responsibility. We remand for resentencing.

### BACKGROUND

Between December 1991 and November 1992, Austin purchased 36 firearms from a gun shop in Hamden, Connecticut. He resold 31 of these, usually to suspected drug dealers. In a series of transactions occurring in October and November 1992, he sold the remaining five guns to an undercover agent of the Bureau of Alcohol, Tobacco, and Firearms ("ATF"). During this time, the ATF agent confided to Austin that the guns Austin was selling to him were being used by gang members to commit violent crimes, including murder. Austin was unfazed. On January 11, 1993, Austin was placed under arrest for illegally selling the five firearms to the ATF agent.

On January 22, 1993, a federal grand jury returned a four count indictment against Austin. Count one charged Austin with dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A); the remaining three counts charged Austin with making false statements in connection with his purchase of the five firearms sold to the ATF agent. On March 19, 1993, Austin agreed to plead guilty to count one of the indictment. The "Stipulation of Offense Conduct" attached to the plea agreement detailed Austin's conduct with respect to the five firearms sold to the ATF agent. The stipulation made no reference to the other 31 firearms. The agreement required the government to recommend a sentence reduction under the United States Sentencing Guidelines for acceptance of responsibility, on condition that Austin truthfully disclose "the circumstances surrounding his commission of the offense, including his firearms purchases in the commission of the offense and all of his prior firearms purchases from [the gun shop] in Hamden, Connecticut." The government sought that information to track down the remaining 31 guns.

During the plea allocution on March 29, 1993, the district court emphasized the potential ramifications of Austin's conduct: "it's not only the mere dealing in the guns that's a problem, but where those guns went is a very serious problem, at least in my mind." In the ensuing months, the government scheduled several meetings at which Austin was to provide information (in accordance with the plea agreement) concerning the whereabouts of the 31 firearms. Austin never appeared.

The original presentence report (the "PSR") recommended a three-level reduction in Austin's offense level for acceptance of responsibility, based on Austin's willingness to admit that he had "purchased about two dozen guns and resold most of them." However, the government submitted a letter to the probation office on May 12, 1993, requesting that Austin be denied this sentence reduction because of his failure to meet with the government or to otherwise assist in the recovery of the 31 firearms still in criminal hands. The final PSR did not recommend a reduction for acceptance of responsibility.

At the sentencing hearing on June 7, 1993, Judge Dorsey considered that Austin fully admitted his involvement with the purchase and resale of the five firearms sold to the ATF agent. At the same time, Judge Dorsey emphasized that while Austin acknowledged the sale of the additional 31 firearms, he refused to assist the government in their recovery. This refusal was found to demonstrate a lack of remorse:

And if he was truthfully remorseful, and fully accepted responsibility, then he would do something about rectifying the situation that he's created. If he put poison in the hands of a child and the child still had that poison in his hands and he's in here claiming, "Well I'm sorry that it happened" and he doesn't do something to take that poison out of the hands of the child, it seems to me, analogously, that his true remorse is short of the mark.

Thereupon, Judge Dorsey denied Austin a sentence reduction for acceptance of responsibility.

The district court set Austin's base offense level at 12. *See* U.S.S.G. § 2K2.1(a)(7). Since the offense involved more than 25 firearms, a five-level increase was applied. *See* U.S.S.G. § 2K2.1(b)(1)(E). The district court also found that Austin transferred the firearms with "knowledge, intent, or reason to believe that [they] would be used or possessed in connection with another felony offense," thus justifying an additional four-level increase. *See* U.S.S.G. § 2K2.1(b)(5). This brought the offense level to 21; Austin's criminal history category of I yielded a sentencing range of 37–46 months. The district court sentenced Austin to 37 months of imprisonment and three years of supervised release.

## DISCUSSION

Since the "Stipulation of Offense Conduct" attached to the plea agreement encompasses only the five firearms sold to the ATF agent, Austin argues that denying him a reduction for acceptance of responsibility based on his refusal to disclose the whereabouts of the other 31 firearms constitutes an improper interpretation of the Guidelines. We agree.

Under the Guidelines, a defendant qualifies for a downward adjustment of two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The Application Notes to this section provide in relevant part:

1. In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:

(a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). *Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a).* A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility;

\* \* \* \* \* \*

(e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense. . . .

U.S.S.G. § 3E1.1 Application Notes 1(a), 1(e) (emphasis added).

█ A district court's determination as to whether or not a defendant has accepted responsibility for the offense of conviction is a factual matter which should not be disturbed unless it is without foundation. *United States v. Boothe*, 994 F.2d 63, 70 (2d Cir.1993); *United States v. Irabor*, 894 F.2d 554, 557 (2d Cir.1990). Here, the district court looked beyond the offense of conviction in evaluating Austin's acceptance of responsibility; under the facts of this case, neither Application Note 1(a) nor 1(e) empowered it to do so. Accordingly, we hold that the record does not furnish a foundation for the denial of a reduction for acceptance of responsibility.

### A. Application Note 1(a)

█ In construing § 3E1.1, this Court has concluded that a defendant need accept responsibility only for the conduct underlying the offense of conviction. *See United States v. Oliveras*, 905 F.2d 623, 628–30 (2d Cir. 1990) (reduction for acceptance of responsibility cannot be conditioned on a defendant

admitting to conduct beyond the offense of conviction); *see also United States v. Perez-Franco,* 873 F.2d 455, 461–64 (1st Cir.1989) (same). Some other circuits have concluded that a sentence reduction under § 3E1.1 may be made to depend also upon a defendant's acceptance of responsibility for relevant criminal conduct beyond the offense of conviction. *See United States v. Frazier,* 971 F.2d 1076, 1080–87 (4th Cir.1992) (defendant may be required to accept responsibility for all relevant criminal conduct, including counts that were dismissed), *cert. denied,* —— U.S. ——, 113 S.Ct. 1028, 122 L.Ed.2d 173 (1993); *United States v. Mourning,* 914 F.2d 699, 705–07 (5th Cir.1990) (same). On November 1, 1992, the Sentencing Commission attempted to clarify the issue by adding what is now Application Note 1(a) to § 3E1.1: "a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction" for acceptance of responsibility. U.S.S.G. Application Note 1(a); *see also United States v. Hicks,* 978 F.2d 722, 726 (D.C.Cir.1992) (the November 1, 1992 amendment to § 3E1.1 "seems to resolve the confusion" by requiring that a defendant accept responsibility only for the offense of conviction).

■ The Sentencing Commission therefore seems to have endorsed the position we adopted in *Oliveras,* 905 F.2d at 628–29. We recently summarized that position in *United States v. Reyes,* 9 F.3d 275, 279 (2d Cir.1993): "a sentencing court may not compel testimony in respect of any offense *other* than the offense that is the subject of the plea...." Accordingly, Austin's traffic in the 31 firearms sold primarily to drug dealers—conduct beyond the offense of conviction—may be considered by the district court in determining the base offense level, *see* U.S.S.G. § 1B1.3, and his assistance in recovering those guns may be considered by the government in deciding whether to move for a downward departure based on the defendant's cooperation, *see* U.S.S.G. § 5K1.1. However, Austin's failure "to volunteer, or affirmatively admit" that conduct cannot serve as a basis for denying a reduction for acceptance of responsibility. U.S.S.G. § 3E1.1 Application Note 1(a); *see also*

*United States v. Santiago,* 906 F.2d 867, 873 (2d Cir.1990) (sentencing court could not consider defendant's prior drug sales not included in the indictment).

■ Without contesting the rule adopted in the Guidelines and *Oliveras,* the government emphasizes that Austin has waived his Fifth Amendment rights concerning the additional 31 firearms by admitting to the sale of them in his statements to the probation office, in a letter to the district court, and at the sentencing hearing. Accordingly, the government argues that the rationale underlying the "offense of conviction" limitation—preservation of a defendant's Fifth Amendment rights—is not implicated. While this is true, it is of no significance. Nothing in the language of the Guidelines (or Application Note 1(a)) suggests that a defendant loses the protection of this limitation by waiving Fifth Amendment rights. Assuming without deciding that Austin's admissions do constitute a waiver of his Fifth Amendment rights in respect of the 31 firearms, the district court could not thereby require Austin to "volunteer, or affirmatively admit" information concerning their whereabouts. The language of Application Note 1(a) is unconditional.

*B. Application Note 1(e)*

Application Note 1(e) invites the district court to consider a defendant's "voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense" in weighing acceptance of responsibility. As to Application Note 1(e), the district court found:

> I am also permitted to take into consideration his voluntary assistance and recovery of the fruits of or instrumentalities of the offense and that would include, in my judgment, any offenses involved in the relevant conduct area as defined by 3B1.3. So, therefore, if Mr. Austin did offer assistance in the recovery of the guns beyond the five of which he stands convicted, I would be obliged to take that into consideration....
>
> There are guns in the streets now that he is responsible for within the realm of the relevant conduct that he has committed

and, therefore, the fact that he has failed and refused to alleviate the consequences, in part, of his conduct, is not in my judgment a reflection of a true acceptance of responsibility for his offense.

And accordingly, I'm going to deny him the three-level decrease that he claims to be entitled to.

■ The district court's broad reading of Application Note 1(e) is in tension with the Fifth Amendment right against compelled self-incrimination. *See Doe v. United States,* 487 U.S. 201, 213, 108 S.Ct. 2341, 2349, 101 L.Ed.2d 184 (1988) (the Fifth Amendment "spare[s] the accused from having to reveal, directly or indirectly, his knowledge of facts relating him to the offense or from having to share his thoughts and beliefs with the Government"). Conditioning a sentence reduction on a defendant's "voluntary assistance to authorities in the recovery of . . . fruits and instrumentalities" not associated with the offense of conviction infringes upon Fifth Amendment protections no less than requiring a defendant to accept responsibility for an offense other than the offense of conviction. *See Oliveras,* 905 F.2d at 631. Accordingly, the "offense of conviction" rule of *Oliveras* extends to Application Note 1(e).

■ Austin arguably waived his Fifth Amendment rights in respect of the 31 firearms not associated with the offense of conviction. Waiver is of no consequence under Application Note 1(a), which states unconditionally that a defendant need not "volunteer, or affirmatively admit" conduct beyond the offense of conviction to demonstrate acceptance of responsibility. This unconditional language, however, is absent from Application Note 1(e). Nor does our decision in *Oliveras* preclude the district court from *considering* conduct beyond the offense of conviction, provided that the defendant is safe from prosecution for such conduct: "the refusal to accept responsibility for . . . past related criminal conduct could be considered only if the defendant was under no risk of

subsequent criminal prosecution, for example, if the statute of limitations had run or if he had already served a sentence." 905 F.2d at 630. *Oliveras* therefore permits a district court to consider conduct beyond the offense of conviction, if at all, only where it is indisputable that doing so would not expose the defendant to subsequent criminal prosecution.

■ Austin is not indisputably safe from prosecution for the conduct surrounding the 31 guns still at large.[1] *See In re Bryan,* 645 F.2d 331, 333 (5th Cir.1981) ("A plea of guilty waives a claim of self-incrimination with respect to the crime to which the guilty plea pertains."). Accordingly, the district court cannot consider Austin's refusal to assist authorities in the recovery of the 31 guns in evaluating his acceptance of responsibility; consideration must be confined to the "fruits and instrumentalities" of the offense of conviction.

■ The "Stipulation of Offense Conduct" makes clear that the only "fruits and instrumentalities" of Austin's offense are the five firearms he sold to the ATF agent. As these are already in the government's possession, Application Note 1(e) does not furnish a foundation for denying a reduction for acceptance of responsibility. Nothing we say, however, prevents a district court from considering a defendant's voluntary assistance in recovering "fruits and instrumentalities" not associated with the offense of conviction as a factor bearing favorably upon acceptance of responsibility. *See United States v. Rodriguez,* 959 F.2d 193, 197 (11th Cir.) (per curiam), *cert. denied,* — U.S. —, 113 S.Ct. 649, 121 L.Ed.2d 563 (1992); *United States v. Watt,* 910 F.2d 587, 592 (9th Cir.1990) ("sentencing court cannot consider *against* a defendant any constitutionally protected conduct").

### CONCLUSION

There is no foundation in the record to support the district court's determination

---

1. For example, Austin's disclosures concerning the whereabouts of the 31 guns could lead to evidence that the guns were exchanged for contraband; that the guns were sold in furtherance of conspiracies or crimes as to which Austin has not been charged; or that the guns were sold in a course of dealing involving guns other than the 36 that constitute the relevant conduct. Whether or not such disclosures would expose Austin to subsequent prosecution is unclear.

that Austin failed to accept responsibility for the offense of conviction. The government, however, contends that alternate grounds would support the discretionary denial of a sentence reduction for acceptance of responsibility. The record is unclear on this issue. We remand for resentencing in light of this opinion.