EMILIO M. GARZA, Circuit Judge,
specially concurring:
I concur in the result reached by the majority opinion. I write separately to make explicit the degree to which recent amendments to § 3E1.1 of the sentencing guidelines, concerning reductions for acceptance of responsibility, stand in conflict with the general theory of punishment underlying the guidelines.
The original drafters of the guidelines expressed a preference for a “real offense” punishment system, under which sentences would be based on “the actual conduct in which the defendant engaged regardless of the charges for which he was indicted or convicted.” U.S.S.G. Ch. 1, Pt. A, intro, comment. 4(a). Although a “pure” real offense system proved too difficult to codify, sentence calculations under the current guidelines are based on a multitude of factors, beyond the conduct charged, to better reflect a defendant’s culpability. See id. (“[T]he guidelines take account of a number of important, commonly occurring real offense elements such as the role in the offense, the presence of a gun, or the amount of money actually taken, through alternative base offense levels, specific offense characteristics, cross references, and adjustments.”). Accordingly, § 1B1.3 of the guidelines, concerning “relevant conduct,” allows the sentencing court to consider conduct beyond the conduct charged in the indictment. See U.S.S.G. § 1B1.3, comment, (backg’d.) (“Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range.”).
The guidelines provide for an adjustment for a defendant’s acceptance of responsibility: *1138 “If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.” U.S.S.G. § 3El.l(a). Prior to 1992, the application of § 3E1.1 squared nicely with the policy concerns underlying the guidelines as a whole. In determining a defendant’s acceptance of responsibility, sentencing courts were free to consider all conduct that was “related” to the offense. Application note 3 read:
Entry of a plea of guilty prior to the commencement of trial combined with truthful admission of involvement in the offense and related conduct will constitute significant evidence of acceptance of responsibility for the purposes of this section.
Appendix C, Amendment 351 (emphasis added). We interpreted this language to mean that “before a defendant is entitled to a reduction for acceptance of responsibility, he must first accept responsibility for all of his relevant conduct.” United States v. Kleinebreil, 966 F.2d 945, 953 (5th Cir.1992) (internal quotation marks omitted).
In 1992, the sentencing commission amended application note 3 to remove the language requiring truthful admission of “related conduct”:
Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 (Relevant Conduct) ... will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.
Appendix C, Amendment 459 (emphasis added).[1] Today, we for the first time interpret this language to require reversal of a sentencing court’s denial of a reduction for acceptance of responsibility, when that denial is based on a defendant’s failure to admit to conduct not charged in the indictment.[2]
In holding that a defendant need not admit § IB 1.3 relevant conduct, beyond that comprising the offense of conviction, to be eligible for a reduction for acceptance of responsibility, we join the other circuit courts of appeals that have addressed the issue.[3] I concur in the holding of the majority opinion because I find that the text of § 3E1.1 and application note 3 allows no other result. However, I do so reluctantly because not only does our interpretation effectively make conduct beyond the offense of conviction irrelevant to a defendant’s acceptance of responsibility; our interpretation also removes most if not all of the sentencing court’s traditional discretion to determine whether a de *1139 fendant has accepted responsibility for Ms crime.
Both the guidelines and our case law provide that a sentencing court’s determination as to a defendant’s acceptance of responsibility is entitled to great deference. See U.S.S.G. § 3E1.1 comment, (n. 5) (“The sentencing judge is in a unique position to evaluate a defendant’s acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.”); United States v. Vital, 68 F.3d 114, 120-21 (5th Cir.1995) (“In light of tWs commentary, we hold that the correct standard of review to apply to a district court’s refusal to credit a defendant’s acceptance of responsibility is the ‘great deference’ standard.”). I find these statements inconsistent with the interpretation we offer today, wMch creates a mechanistic checklist by which a defendant may acMeve a two-level reduction. A defendant who pleads guilty, who mechanically reads and admits to the conduct alleged in the indictment, and who then offers “no comment” to questions about other relevant conduct establishes “significant evidence” of acceptance of responsibility, under application note 3, wMch in effect establishes a presumption that he has “clearly established” acceptance of responsibility, under § 3El.l(a). On such facts, the sentencing court can deny an acceptance-of-responsibility reduction only by finding significant “conduct of the defendant that is inconsistent with such acceptance of responsibility,” U.S.S.G. § 3E1.1, comment, (n. 3). See United States v. Vance, 62 F.3d 1152, 1159-60 (9th Cir.1995) (holding, under the amended § 3E1.1, that “[¿Insignificant evidence cannot outweigh a plea of guilty before trial, truthful admission of the elements of the offense, and absence of a false denial of technically relevant conduct”). I find it hard to believe that the drafters of the guidelines intended that a sentencing court, supposedly deserving of “great deference,” would have no discretion to deny a reduction for acceptance of responsibility to a defendant who pleaded guilty, admitted the facts alleged in the indictment, and then, throughout the rest of the court’s questions, stood in stony silence.

. Application note 1(a) now explicitly allows a defendant to remain silent concerning relevant conduct without losing his eligibility for a reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1 comment (n. 1(a)).

. We have previously applied the amended language of application note 3, but we have not yet applied this language to reverse a district court’s denial of an acceptance-of-responsibility reduction. See, e.g., United States v. Vital, 68 F.3d 114, 120-21 (5th Cir.1995) (upholding district court's denial of reduction for acceptance of responsibility because the defendant "had denied facts bearing on the offense of conviction and on relevant conduct”); United States v. Diaz, 39 F.3d 568, 570 (5th Cir.1994) (upholding district court’s denial of reduction for acceptance of responsibility because “the defendants had failed to acknowledge the full extent of the charged conspiracy”).

. See United States v. Austin, 17 F.3d 27, 30-31 (2d Cir.1994) (holding that silence regarding "relevant conduct beyond the offense of conviction” could not be considered in assessing whether the defendant had demonstrated a genuine acceptance of responsibility); United States v. Fields, 39 F.3d 439, 447 (3d Cir.1994) (vacating defendant's sentence because in denying the defendant an adjustment for acceptance of responsibility, “it appears that the court may have incorrectly considered the defendant's refusal to admit conduct not comprising part of the offense of conviction"); United States v. Hammick, 36 F.3d 594, 598 (7th Cir.1994) (holding that under the amended version of § 3E1.1, a defendant can "invoke his right to remain silent concerning relevant conduct outside the scope of his offense without compromising his eligibility for a two-level reduction for acceptance of responsibility"); United States v. Cedano-Rojas, 999 F.2d 1175, 1182 (7th Cir.1993) (reading the amended language of § 3E1.1 to mean that the defendant “should not be required to come clean on relevant conduct in order to obtain the reduction”).