**UNITED STATES of America,**
**Appellee,**

v.

**Tyrese BARKER, Defendant–Appellant.**

**Docket No. 01–1638.**

United States Court of Appeals,
Second Circuit.

Oct. 23, 2003.

Robert J. Sullivan, Jr., Law Offices of Robert Sullivan, Westport, CT, for Defendant–Appellant.

Peter D. Markle, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, on the brief) for Kevin J. O'Connor, United States Attorney, District of Connecticut, for Appellee.

PRESENT: OAKES, MESKILL, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Tyrese Barker appeals from a judgment of conviction of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*), following his plea of guilty to misprision of a felony in violation of 18 U.S.C. § 4. The prosecution against Barker arose out of an investigation by the New Haven Drug Task Force into cocaine trafficking in and around a housing project in New Haven, Connecticut. Following his

conviction, Barker was sentenced principally to 36 months' imprisonment.

On appeal, Barker raises three issues. First, he asserts that the district court should not have attributed any quantity of drugs to him in determining his offense level. At Barker's sentencing hearing, the government presented the testimony of another participant in the drug trafficking operation, Theodore Smith, who testified that he had observed Barker handling an ounce of crack cocaine on eight separate occasions. On the basis of Smith's testimony, the district court calculated Barker's base offense level at 19 pursuant to U.S.S.G. § 2X4.1(a), applicable to misprision of a felony. Barker claims on appeal that Smith's testimony was "inherently incredible," and that the district court improperly directed questions at Smith, causing him to change his testimony to conform it to the government's case. Second, Barker argues that the district court should have awarded him a two-point reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1. Third, Barker argues that the district court should have departed downward because his criminal history category of IV overstated the seriousness of his criminal history. Since we find that each of these contentions lack merit, we affirm.

With respect to Barker's contention that the testimony of Smith was inherently incredible, we have held that "[d]isputed facts relevant to sentencing need be proven only by a preponderance of the evidence," and that a district court's findings of fact concerning sentencing factors must be accepted unless they are "clearly erroneous." United States v. Kim, 193 F.3d 567, 575 (2d Cir.1999); see also United States v. Cordoba–Murgas, 233 F.3d 704, 708–09 (2d Cir.2000). When those findings are based on the credibility of witnesses, we give them "particularly strong defer-

ence." United States v. Mendez, 315 F.3d 132, 135 (2d Cir.2002).

■ The record below indicates that Smith's responses may have been, at times, confusing or inconsistent. Accordingly, the district court would have been well within its discretion to reject parts or all of the testimony. It did not, however. To the contrary, the district court determined that Smith was a credible witness and explained its rationale at some length. We have held that "[w]here there are two permissible views of the evidence, the district court's choice between them cannot be deemed clearly erroneous." United States v. Ruggiero, 100 F.3d 284, 291 (2d Cir.1996) (quoting United States v. Thai, 29 F.3d 785, 814 (2d Cir.1994)). Given that the district judge's view of Smith's testimony was justifiable in light of the reasons she articulated—particularly since she had the unique opportunity to observe Smith and to assess his demeanor—we have no basis for disturbing her assessment of his credibility.

Nor do we find error in the district court's efforts to question Smith directly. A trial judge has discretion to question witnesses in order to clarify ambiguities in their testimony. See United States v. Bellomo, 176 F.3d 580, 596–97 (2d Cir.1999); United States v. Messina, 131 F.3d 36, 39 (2d Cir.1997); United States v. Leslie, 103 F.3d 1093, 1104 (2d Cir.1997). Here, Smith at various times provided confusing and ambiguous responses to the questions that were posed to him. Therefore, the trial judge's attempts to clarify his statements were well-justified.

Barker's next argument is that the government breached its plea agreement with him by failing to recommend a two-point reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1. But the government's commitment in the plea agreement to make such a recommendation was ex-

plicitly "conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition," and upon "the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty."

Despite pleading guilty to misprision of a felony, i.e., to concealing drug transactions, Barker insisted that he had never handled any drugs and was attempting to develop contacts that would have allowed him to serve as a police informant. The government ultimately chose not to recommend a reduction for acceptance of responsibility on the ground that Barker, through these implausible denials, failed to meet the preconditions contained in the agreement.

Although the district court recognized its discretion to grant the departure, it concluded that the reduction was unwarranted. The district court found that Barker's actions fell within the scope of U.S.S.G. § 3E1.1, Application Note 1(a), which provides that "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." We will not disturb such a finding unless it is "without foundation." *United States v. Guzman*, 282 F.3d 177, 184 (2d Cir.2002) (quoting *United States v. Austin*, 17 F.3d 27, 30 (2d Cir.1994)). Here, the district court had ample foundation to find that Barker's continued denials were incompatible with the acceptance of responsibility.

Lastly, Barker claims that the district court should have departed because his criminal history category calculation overstated the seriousness of his past criminal conduct. The record below shows that the district court repeatedly acknowledged its discretion to depart on this ground, and that it chose not to do so. Since the district court clearly apprehended its authority to depart yet declined to do so, its decision is not reviewable. *United States v. Crowley*, 318 F.3d 401, 420 (2d Cir.2003).

The judgment of the District Court is AFFIRMED.