11-1957-cr
United States v. Gushlak

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of September, two thousand twelve.

PRESENT:  RALPH K. WINTER,
  REENA RAGGI,
  DEBRA ANN LIVINGSTON,
  *Circuit Judges*.

--------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
  *Appellee*,

  v.  No. 11-1957-cr

MYRON L. GUSHLAK,
  *Defendant-Appellant*.

--------------------------------------------------------------------------------

APPEARING FOR APPELLANT:  DAVID DEBOLD, Gibson, Dunn & Crutcher LLP (Alan Samuel Futerfas, Esq., *on the brief*), Washington, D.C.

APPEARING FOR APPELLEE:  DANIEL A. SPECTOR (Amy Busa, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 6, 2011, is AFFIRMED.

Myron L. Gushlak appeals from a judgment of conviction, entered following a guilty plea, sentencing him to concurrent prison terms of 60 months for conspiracy to commit securities fraud, see 18 U.S.C. § 371, and 72 months for conspiracy to commit money laundering, see id. § 1956(a), (h), as well as a $25 million fine. The crimes stemmed from Gushlak's participation in a "pump and dump" scheme, in which Gushlak and others conspired to buy controlling shares of a private company, Global Net, Inc., for little or no consideration; to take Global Net public by merging it with a public shell corporation; to pay stock brokers to promote the stock to investors; and, ultimately, to sell their shares to the public at prices inflated by virtue of the underlying fraud. On appeal, Gushlak contends that (1) the money laundering conviction is invalid under United States v. Santos, 553 U.S. 507 (2008); (2) the district court committed procedural error in not awarding him three points' consideration for acceptance of responsibility under U.S.S.G. § 3E1.1 (2000);[1] and (3) the district court committed procedural and substantive error in imposing a fine of $25 million.

---

[1] The district court sentenced Gushlak under the 2000 edition of the United States Sentencing Guidelines. All subsequent Guidelines references in this order are to the 2000 edition.

We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Money Laundering Conviction

Gushlak pleaded guilty to laundering money by using the proceeds of his securities fraud scheme to pay kickbacks to stock brokers who recommended Global Net to investors, see 18 U.S.C. § 1956(a)(1)(A)(i), and by routing those proceeds through Swiss bank accounts in order to conceal their origin, see id. § 1956(a)(1)(B)(i). Gushlak contends that his conviction must be vacated because he did not specifically plead guilty to laundering the profits, rather than the receipts, of the securities fraud scheme. Because Gushlak failed to raise this argument in the district court, we review only for plain error, see United States v. Zangari, 677 F.3d 86, 94–95 (2d Cir. 2012), which we conclude Gushlak has failed to demonstrate.[2]

In United States v. Santos, four justices of the Supreme Court held that a money laundering conviction under § 1956(a)(1)(A)(i) could not be sustained where the underlying "proceeds" represented the receipts, not the profits, of the specified unlawful activity. See 553 U.S. at 513–14 (plurality op.). In a concurring opinion, Justice Stevens reasoned that

---

[2] The government urges that Gushlak affirmatively waived this challenge to his money laundering conviction. Because we conclude that Gushlak cannot demonstrate plain error, we need not decide whether his failure to present this argument to the district court constituted true waiver rather than mere forfeiture. See United States v. Quinones, 511 F.3d 289, 321 (2d Cir. 2007) (discussing true waiver and plain error review).

"proceeds" must be limited to profits in cases presenting a "merger problem," that is, where the money laundering count essentially duplicates another charged offense, and there is no legislative history suggesting Congress intended the money laundering statute to apply. Id. at 526–27 (Stevens, J., concurring in judgment) (internal quotation marks omitted). We have held that Justice Stevens's concurrence controls and, thus, "proceeds" under the money laundering statute refer only to profits where a merger problem arises and there is no legislative history indicating Congress's intent that the money laundering statute should still apply. See United States v. Quinones, 635 F.3d 590, 599 (2d Cir.) (applying Justice Stevens's concurrence in concluding that receipts from sale of contraband are sufficient to prove "proceeds" element for money laundering), cert. denied, 132 S. Ct. 830 (2011).

Here, there is arguably a merger problem to the extent that Gushlak used securities fraud proceeds to pay kickbacks to stock brokers who were instrumental to the scheme, insofar as those payments were expenses associated with carrying out the fraud conspiracy. See United States v. Santos, 553 U.S. at 517 (plurality op.). But these payments were only part of Gushlak's money laundering offense. In pleading guilty to money laundering, Gushlak also admitted using Swiss bank accounts to pay proceeds from the stock sales to himself and other beneficiaries of the fraud, thus concealing the source of the proceeds. See 18 U.S.C. § 1956(a)(1)(B)(i). These payments do not present a merger problem as they represent the fruits of the predicate securities fraud, not its associated expenses. Thus, even if we were to assume, without deciding, that (1) there was error to the extent the stock broker

4

payments were a basis for the money laundering conviction, and (2) this error was plain, Gushlak would still not be entitled to relief because (3) this error did not affect his substantial rights. See United States v. Hsu, 669 F.3d 112, 118 (2d Cir. 2012). Specifically, Gushlak cannot demonstrate that there is "'a reasonable probability that, but for the error, he would not have entered the plea'" because the Swiss bank payments to himself and his confederates were independently sufficient to prove him guilty of money laundering. United States v. Vaval, 404 F.3d 144, 151 (2d Cir. 2005) (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004)). Accordingly, Gushlak's challenge to his money laundering conviction fails.

2.      Sentencing

Gushlak presents two challenges to his sentence, which we review under a "'deferential abuse-of-discretion standard,'" United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)), assessing questions of law (including interpretation of the Sentencing Guidelines) de novo and findings of fact only for clear error, see United States v. Bonilla, 618 F.3d 102, 108 (2d Cir. 2010), cert. denied, 131 S. Ct. 1698 (2011).

a.      Acceptance of Responsibility

The district court determined that, notwithstanding Gushlak's guilty plea and years of cooperation with the government, Gushlak was not entitled to a three-level reduction in his Guidelines calculation under U.S.S.G. § 3E1.1 because (1) Gushlak was not forthcoming

5

about his finances, insofar as he manipulated financial statements to understate his net assets and placed a significant portion of his wealth in overseas accounts outside the United States' jurisdiction; and (2) while sentencing was pending, Gushlak misrepresented to the public that he had never engaged in any criminal conduct. Gushlak contends that denial of acceptance of responsibility on these grounds was legally and factually erroneous. We disagree.

A district court's denial of § 3E1.1 credit is entitled to "great deference" because of the sentencing judge's unique position to assess a defendant's acceptance of responsibility; thus, we will uphold such a denial "unless it is without foundation." United States v. Kumar, 617 F.3d 612, 635 (2d Cir. 2010) (internal quotation marks omitted), cert. denied, 131 S. Ct. 2931 (2011); see U.S.S.G. § 3E1.1 cmt. n.5. Gushlak maintains that it was legal error to use his post-plea financial statements to deny credit for acceptance of responsibility because none of the disputed financial information involved proceeds of the Global Net fraud and, thus, he had no obligation to be forthcoming about those assets or to make them available for purpose of satisfying his criminal judgment. See U.S.S.G. § 3E1.1 cmt. n.1(e) (stating that district court may consider defendant's "voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense"); United States v. Austin, 17 F.3d 27, 31–32 (2d Cir. 1994) (holding that acceptance of responsibility cannot be denied when defendant declines to give information relating to uncharged conduct). We reject this argument because it rests on a cramped understanding of the Guidelines.

6

An appropriate consideration in determining whether to credit a defendant with acceptance of responsibility is his truthful admission to any "relevant conduct for which the defendant is accountable under § 1B1.3" of the Sentencing Guidelines. U.S.S.G. § 3E1.1 cmt. n.1(A). Section 1B1.3 defines relevant conduct to include "all acts and omissions committed" by the defendant occurring "in the course of attempting to avoid . . . responsibility for that offense." Id. § 1B1.3(a)(1). As the district court informed Gushlak at the plea proceeding, in addition to a term of imprisonment, he faced a fine of up to $28 million, representing twice the proffered amount of the money laundered in the Global Net scheme, see 18 U.S.C. § 1956(a)(1), as well as restitution. Gushlak's misstatements about his net assets, and his efforts to render large portions of his wealth judgment-proof, were evidence of Gushlak's avoidance of responsibility, insofar as he sought to diminish his ability to pay a fine and restitution for his participation in the Global Net securities fraud. See 18 U.S.C. § 3572(a)(1) (listing defendant's "financial resources" as factor to consider in imposing fine); U.S.S.G. § 5E1.2(d)(2) (same). Thus, Gushlak's misstatements and maintenance of overseas financial accounts were relevant conduct, and the district court's consideration of these facts was appropriate under § 3E1.1.

Equally meritless are Gushlak's arguments that the district court's factual findings were clearly erroneous. It is undisputed that Gushlak failed to inform the government of his accumulation of German stocks in 2006 and 2007, denied to a business counterparty that he was ever the object of a criminal or regulatory investigation, and continued to hold out

7

Global Net's public offering as legitimate on his website. The district court drew reasonable inferences from this evidence, specifically, that Gushlak had not exhibited remorse insofar as he was unforthcoming with the government about his finances and falsely represented to the public that his business background had been entirely legitimate. Therefore, we cannot disturb those findings on appeal. See Siewe v. Gonzales, 480 F.3d 160, 168 (2d Cir. 2007) (stating that, on clear error review, "[s]o long as there is a basis in the evidence for a challenged inference, we do not question whether a different inference was available or more likely"). Similarly, we reject Gushlak's contention that the district court improperly weighed these adverse inferences against Gushlak's admission of his role in the Global Net scheme and his cooperation with the government. Because the denial of a three-level reduction for acceptance of responsibility was not "without foundation," we must defer to the district court's determination. United States v. Kumar, 617 F.3d at 35 (internal quotation marks omitted).

   b.      $25 Million Fine

Gushlak contends that his $25 million fine was procedurally and substantively unreasonable. We reject both claims.

First, there was no procedural error. The district court correctly calculated the applicable fine under the Guidelines and considered the factors set forth at 18 U.S.C. §§ 3553(a), 3571, and 3572. See United States v. Elfgeeh, 515 F.3d 100, 136 (2d Cir. 2008). Gushlak's complaint that his fine is invalid because it is 33 times greater than the Guidelines

8

maximum is mistaken. Because Gushlak was convicted of an offense carrying a maximum fine greater than $250,000, the Guidelines permitted the district court to impose a fine up to the statutory maximum, which here was $28 million. See U.S.S.G. § 5E1.2(c)(4). Gushlak's $25 million fine thus fell within both the statutory and Guidelines ranges.

Nor do we identify substantive unreasonableness in Gushlak's fine. The district court determined that a $25 million fine was necessary to deter Gushlak from engaging in future securities frauds, especially in the United States. Further, a large fine was necessary because the district court concluded, in light of Gushlak's misrepresentations, that he likely had understated his finances to the court and, therefore, had a greater ability to pay a fine than his financial statements suggested. See U.S.S.G. § 5E1.2 cmt. n.6 ("The existence of income or assets that the defendant failed to disclose may justify a larger fine than that which otherwise would be warranted . . . ."). These factors support the weight the district court assigned them, see United States v. Cavera, 550 F.3d at 191, and we are not persuaded by Gushlak's arguments to the contrary.

The disparity between Gushlak's fine and that of his confederate, Howard Appel, is insufficient to render the sentence substantively unreasonable because the two defendants were not similarly situated: the government moved for Appel to receive a downward departure, which it did not do for Gushlak. See United States v. Fernandez, 443 F.3d 19, 31–32 (2d Cir. 2006) (rejecting disparity argument where defendants were not similarly situated). Next, the district court's conclusion that a large fine was necessary specifically to

9

deter Gushlak was adequately supported by the evidence of Gushlak's underlying crime of conviction, his representations to the public that this felonious conduct had been legitimate, and his avoidance of responsibility by securing his assets overseas. These facts demonstrate a pattern of deceptive conduct and, thus, permitted the district court to conclude that a larger fine was necessary to dissuade Gushlak from committing future acts of business deception. Finally, there is no evidence suggesting that the district court imposed its fine based on mere accusations that Gushlak had engaged in securities fraud abroad while his sentencing was pending. Indeed, the district court specifically disclaimed any reliance on the investigation of Gushlak's sale of German stocks in 2006 and 2007, and the record does not support Gushlak's contention that the district court nevertheless considered those facts in imposing sentence.

3.    Conclusion

Accordingly, we conclude that Gushlak's challenges to his conviction and sentence are meritless. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court