UNITED STATES of America, Appellee,

v.

Felix IRABOR, Defendant–Appellant.

No. 1430, Docket 89–1129.

United States Court of Appeals,
Second Circuit.

Argued Aug. 15, 1989.
Decided Jan. 22, 1990.

Mark D. Oettinger, Bloomberg & Oettinger, Burlington, Vt., for defendant-appellant.

Thomas D. Anderson, Asst. U.S. Atty., argued and with George J. Terwilliger, III, U.S. Atty., David V. Kirby, Chief, Criminal Div., Brooklyn, N.Y., submitted a brief for appellee.

Before: MINER and ALTIMARI, Circuit Judges, and KELLEHER, District Judge.*

KELLEHER, District Judge:

In this appeal Felix Irabor challenges his sentence, imposed by the United States District Court, District of Vermont (Foley, J.), after his plea of guilty to bank fraud in violation of 18 U.S.C. § 1344(a)(1). Irabor raises a number of issues concerning the Federal Sentencing Guidelines: whether Guideline § 3C1.1 ("Willfully Obstructing or Impeding Proceedings") can be applied to obstructive conduct occurring prior to the commencement of legal proceedings against a defendant; whether Guideline § 3C1.1 can be applied in conjunction with Guideline § 2F1.1, the Guideline applicable to offenses involving fraud and deceit; and whether the district court erred in refusing to apply Guideline § 3E1.1 ("Acceptance of Responsibility"). For the reasons discussed below, we affirm the judgment of the district court.

## FACTS

During the summer of 1988 defendant-appellant Felix Irabor defrauded various Vermont banks of $18,000. To accomplish this end, Irabor used a false name and social security number to open checking accounts at the banks. He then deposited fraudulent sight drafts drawn on foreign banks into these accounts and withdrew the cash. Before he made his escape, Irabor attempted to destroy the evidence of his crimes by tearing up his bank records and false identification papers. This evidence was eventually recovered by the FBI.

Irabor was arrested as he boarded a bus to leave Vermont. He gave the arresting officers a false name and again used a false name during his interview by a pretrial services officer. Irabor finally identified himself at the time of his initial appearance before a magistrate.

Irabor pleaded guilty to one count of bank fraud. He was sentenced pursuant to the Federal Sentencing Guidelines to a term of twenty-four months imprisonment, followed by a three-year period of supervised release. A special assessment of $50.00 was also imposed.

## DISCUSSION

■ An incorrect application of the Sentencing Guidelines may be appealed. 18 U.S.C. § 3742(a)(2). In order to preserve an issue for appeal, a defendant must first present it to the district court for determination. *See United States v. Velasquez*, 868 F.2d 714, 715 (5th Cir.1989). Irabor raises certain arguments for the first time on appeal. Although he is not entitled to appellate review of these claims, we nevertheless address them here since "they involve matters of law under a novel and potentially complex scheme." *See United States v. Taylor*, 868 F.2d 125, 126 (5th Cir.1989).

### I.

■ The district court found that Irabor had willfully obstructed or attempted to obstruct the administration of justice. Irabor's offense level was therefore enhanced by two levels pursuant to Guideline § 3C1.1. Irabor does not challenge the district court's factual conclusion that he obstructed or attempted to obstruct justice. Rather, he urges that § 3C1.1 does not apply to his obstructive conduct. Since this issur involves the legal interpretation of a guideline, our review is *de novo*. *See United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir.1989).

Guideline § 3C1.1, entitled "Willfully Obstructing Proceedings," states: "If the defendant willfully impeded or obstructed or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level from Chapter Two by two levels." Irabor maintains that this guideline applies only to obstructive con-

---

* Honorable Robert J. Kelleher, United States District Judge for the Central District of California, sitting by designation.

duct occurring after judicial proceedings have been initiated against a defendant. Since his obstructive conduct occurred prior to the initiation of such proceedings against him and therefore did not actually result in the obstruction of justice, he argues that the district court erred by increasing his offense level pursuant to this guideline.

■■■ In support of his interpretation of § 3C1.1 Irabor relies only on the title of the guideline and ignores its substance. While the title may refer only to obstruction of "proceedings," the guideline itself is broader in scope. By its terms § 3C1.1 applies to obstructive conduct occurring during the "investigation or prosecution" of the offense charged. The Commentary explains that § 3C1.1 applies when "a defendant ... engages in conduct calculated to mislead or deceive authorities...." Nothing in the plain language of the guideline indicates any congressional intent to limit its application to conduct occurring after the initiation of proceedings. Indeed, such a construction would undermine a major goal of the Sentencing Guidelines; that is, consistency and uniformity in sentencing. We can discern no reason to treat obstruction of justice differently on the basis of whether it occurred before or after judicial proceedings were commenced.

Likewise, § 3C1.1 expressly applies to attempts to obstruct justice. Whether Irabor's obstructive conduct was ultimately successful is therefore irrelevant to the applicability of the Guideline.

Accordingly, we reject Irabor's attempt to limit the application of § 3C1.1 and hold that it applies to obstructive conduct occurring both before and after formal proceedings have been initiated against a defendant, regardless of whether an investigation or proceeding is thereby actually impeded.

Irabor tore up and discarded his bank records and false identification papers. He also falsely identified himself on two occasions to authorities who were investigating the crimes for which he was ultimately charged. Because this is precisely the type of obstructive conduct to which § 3C1.1 is addressed, the district court properly enhanced Irabor's sentence pursuant to that guideline.

## II.

■■■ Guideline § 2F1.1 applies to offenses involving fraud or deceit. In calculating Irabor's sentence, the district court began with a base offense level of six. Guideline § 2F1.1(a). The offense level was enhanced by six because Irabor's crime involved $18,000, more than minimal planning, more than one victim, and foreign bank accounts. Guideline § 2F1.1(b)(1), (2) and (3), Specific Offense Characteristics. Irabor claims that the district court erred when it also enhanced his sentence under § 3C1.1 for obstruction of justice because he was thereby punished twice for the same conduct. We disagree.

Guidelines §§ 2F1.1 and 3C1.1 are not mutually exclusive. The Guidelines specifically contemplate that both Chapter Two Guidelines relating to specific offense characteristics and § 3C1.1 are to be considered in reaching an appropriate sentence. Guideline § 1B1.1(b) and (c). It is only when the offense of conviction is contempt, obstruction of justice, perjury, or bribery that obstructive conduct cannot be considered for the purpose of sentence enhancement. § 3C1.1, Application Note 4. Irabor's offense of conviction is bank fraud.

Contrary to his claim, Irabor was not punished twice for the same conduct. His obstructive conduct for purposes of § 3C1.1 was destroying evidence and falsely identifying himself after his arrest. This conduct was not considered in the application of § 2F1.1, as described above. Nor are these acts essential elements of the crime of bank fraud, the offense to which Irabor pleaded guilty.

For these reasons, the district court was entirely correct in applying both §§ 2F1.1 and 3C1.1 in calculating Irabor's sentence.

## III.

■■■ Guideline § 3E1.1 provides for a two level reduction "[i]f the defendant

clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct...." Irabor argues that the district court erred in not applying § 3E1.1 because he pleaded guilty, thereby taking responsibility for his crime. This argument is without merit.

"Whether or not a defendant has accepted responsibility for [a] crime is a factual question." *United States v. Thomas*, 870 F.2d 174, 176 (5th Cir.1989). A district court's determination in this regard should not be disturbed unless it is "without foundation." *Id.; see also* Guideline § 3E1.1, Application Note 5. A guilty plea does not, by itself, entitle a defendant to a reduced sentence under § 3E1.1. Application Note 3. Moreover, an adjustment under this guideline is "not warranted" when a defendant has obstructed justice. Application Note 4.[1] Under the circumstances, the lower court's refusal to apply § 3E1.1 was not without foundation.

For all the above reasons, the sentence imposed by the district court is AFFIRMED.

---

1. An amendment to Application Note 4, effective November 1, 1989, would permit a reduction despite the defendant's obstructive conduct "in extraordinary circumstances." Even if this amendment had taken effect prior to Irabor's sentencing it would not help him, as no such extraordinary circumstances are present here.