UNITED STATES of America,

v.

**Frederick M. ANDERSON,
Petitioner–Defendant.**

No. 93–CV–1016.

United States District Court,
N.D. New York.

March 13, 1995.

Fred M. Anderson, pro se.

Bernard J. Malone, Jr., Asst. U.S. Atty., Albany, NY, for U.S.

### ORDER

McAVOY, Chief Judge.

On January 11, 1994, Frederick M. Anderson filed a motion for an "arrest of judgment." Although the rule pertaining to arrests of judgment is found at Fed. R.Crim.P. 34, he brings this motion pursuant to Fed.R.Civ.P. 60(b)(6). In this motion, Anderson reasserts one of the arguments he raised in his § 2255 motion, that he was illegally sentenced as a "career criminal," and states that the court did not rule on this argument in its previous disposition of the § 2255 motion.

Additionally, on February 6, 1995, Anderson filed an "Ex Parte Motion for Leave to Utilize Discovery, and for Expansion of Record, per § 2255 Rules 6 and 7." In this motion he seeks leave from the court to conduct limited discovery of records of plea agreements and other information so that he can expand the record on his § 2255 motion. The court will address these issues seriatim.

### A. Fed.R.Crim.P. 34

■ Despite the fact that Mr. Anderson has captioned this as a motion for arrest of judgment, it is clear that such a motion cannot be properly brought at this time. Fed. R.Crim.P. 34 states:

The court on motion of a defendant shall arrest judgment if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged. The motion in arrest of judgment shall be made within 7 days after verdict or finding of guilty, or after plea of guilty or *nolo contendere*, or within such further time as the court may fix during the 7–day period.

The language of this rule makes it obvious that Mr. Anderson cannot not properly bring a motion for arrest of judgment at this late time, nor do his papers raise an argument regarding the court's jurisdiction or the sufficiency of the charging instrument. Thus, the court will examine this motion pursuant to Fed.R.Civ.P. 60(b)(6) rather than Fed. R.Crim.P. 34.

### B. Fed.R.Civ.P. 60(b)(6)

Fed.R.Civ.P. 60(b)(6) states:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... any ... reason justifying relief from the operation of judgment.

Mr. Anderson seeks relief from the orders which denied his § 2255 motion. His § 2255 motion was originally denied in an order filed August 30, 1993. In response to an untimely reply and surreply filed by Mr. Anderson regarding his § 2255 motion, the court issued a second order, filed on December 10, 1993, which superseded and clarified, yet affirmed, the August 30, 1993 order and again denied the § 2255 motion in its entirety.

█ Despite Mr. Anderson's claim, the court did address the argument that he was wrongly sentenced as a career criminal in both its August 30, 1993 and December 10, 1993 orders. Each order found the argument to be procedurally barred due to the failure to raise it on direct appeal and failure to show cause for the default. The only expression of cause for the default previously tendered by Mr. Anderson was ineffective assistance of counsel, an argument that was fully reviewed and dismissed in the December 10, 1993 order. The court addressed the argument that his attorney failed to recognize that he was not a "career offender," at page 5 of the December 10, 1993 order.

Additionally, Mr. Anderson's assertion that an incorrect application of the sentencing guidelines must first be presented to the district court, relying on *United States v. Irabor*, 894 F.2d 554 (2d Cir.1990), is immaterial to this motion. *Irabor* states that in order to preserve such an issue for appeal it must first be presented to the district court. *Id.* at 555. This holding has no bearing on this motion and does not change the court's decision on his previous § 2255 motion. The court cannot find any reason justifying relief from the operation of either of the previous orders. Therefore, Mr. Anderson's motion pursuant to Fed.R.Civ.P. 60(b)(6) is denied.

### C. Discovery Motion

In light of the denial of the Rule 60(b)(6) motion the § 2255 motion remains dismissed and the action remains closed. Thus, further discovery is unwarranted. The additional information sought by Anderson is obviously meant to bolster the merits of his previously dismissed argument regarding an agreement reached between law enforcement officials and a witness at his trial. As stated in previous orders, this argument was dismissed due to procedural defects and thus cannot be addressed on the merits. Therefore, additional discovery would be pointless, and Anderson's discovery motion is denied.

**IT IS SO ORDERED.**