89 F.3d 826
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Courtney A. MASON, Defendant-Appellant.
 No. 95-1218.
 United States Court of Appeals, Second Circuit.
 Nov. 13, 1995.
 
 Appearing for Appellant: Daniel Nobel, N.Y., N.Y.
 Appearing for Appellee:Jo-Anne Weissbart, Ass't U.S. Att'y, EDNY, Brooklyn, N.Y.
 E.D.N.Y.
 AFFIRMED.
 Present: LUMBARD, KEARSE, WINTER, Circuit Judges.
 
 
 1
 Appeal from the United States District Court for the Eastern District of New York.
 
 
 2
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was submitted by counsel.
 
 
 3
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 4
 Defendant Courtney Mason appeals from a judgment of conviction entered in the United States District Court for the Eastern District of New York following his plea of guilty, before Magistrate Judge A. Simon Chrein, to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The court, Sterling Johnson, Jr., District Judge, sentenced him principally to 57 months' imprisonment, to be followed by three years of supervised release. On appeal, Mason contends principally that he is entitled to be resentenced because the district court denied him a three-step downward adjustment in offense level for acceptance of responsibility without stating any reason, or a sufficient reason, for the denial. Finding no merit in his contentions, we affirm.
 
 
 5
 We reject Mason's contention that the district court failed to give any reason for granting him an acceptance-of-responsibility adjustment of two steps rather than three. The sentencing judge may resolve sentencing issues by expressly relying on factual assertions made in the presentence report ("PSR"). See United States v. Maturo, 982 F.2d 57, 62 (2d Cir.1992), cert. denied, 113 S.Ct. 2982 (1993). In the present case, the PSR advocated the denial of the third-level adjustment and supported that position with factual findings. Mason had ample opportunity to contest the recommendations and findings made in the PSR. Although the court did not articulate its reasons at the sentencing hearing, the written judgment of conviction stated that the court "adopt[ed] the factual findings and guideline application in the presentence report." This sufficed to permit a meaningful appellate review of the denial.
 
 
 6
 We also reject Mason's alternative contention that the district court's only reason for granting a two-step rather than a three-step adjustment was that the government had been forced to defend against his motion to suppress evidence. The PSR recommended denial of the third step because, inter alia, the information Mason provided to the government at the time of his arrest was incomplete; though Mason later provided further information concerning his involvement in this offense, that information was not provided in a timely manner; and though Mason pleaded guilty, he did not do so until four days before the scheduled date of trial. Whether a defendant has accepted responsibility is a matter as to which the district court's determination may not be disturbed unless it is without foundation. See, e.g., United States v. Bonds, 933 F.2d 152, 156 (2d Cir.1991); United States v. Irabor, 894 F.2d 554, 557 (2d Cir.1990). The record in the present case plainly supported the factual findings recited in the PSR and adopted by the sentencing court, and those facts provided an adequate foundation for the denial of the requested credit.
 
 
 7
 We have considered all of Mason's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.