104 F.3d 351
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Angel LOPEZ, Defendant-Appellant.
 No. 96-1162.
 United States Court of Appeals, Second Circuit.
 Oct. 30, 1996.
 
 Angel Lopez appeals from a judgment of conviction entered on March 12, 1996 in the District Court for the Southern District of New York (Owen, J.). Lopez pleaded guilty to the unlawful possession of approximately 6.46 grams of cocaine in violation of 21 U.S.C. §§ 812, 844, pursuant to a plea agreement with the government. The district court sentenced Lopez to a five-year term of probation, a $1000 fine, and a mandatory $25 special assessment. No term of imprisonment was imposed.
 S.D.N.Y.
 AFFIRMED.
 Phillip L. Weinstein, The Legal Aid Society Federal Defender Division, Appeals Bureau, New York, NY.
 Geoffrey R. Kaiser, Assistant United States Attorney, S.D.N.Y.
 Present: MESKILL, CALABRESI, CABRANES, Circuit Judges.
 
 ORDER
 
 1
 Lopez argues here that the district court erred in denying him the two-level sentencing reduction for acceptance of responsibility (1) because it misinterpreted the presentence report as casting doubt on whether Lopez had accepted responsibility for his offense and (2) because it wrongfully relied on Lopez's pre-plea drug use as evidence that he had not accepted responsibility. We disagree and affirm.
 
 
 2
 During an investigation by the United States Postal Inspection Service, Lopez sold cocaine on three occasions to a confidential informant. All three sales were tape recorded and visually monitored by an undercover surveillance team. Soon after the third sale, Lopez was arrested. Following his arrest, he admitted that he had sold cocaine to a co-worker on the three occasions. He pleaded guilty on November 30, 1995 as a part of a plea agreement that stipulated that the government would support a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.
 
 
 3
 The presentence report calculated a base offense level of 6 for Lopez with an adjusted base offense level of 4, reflecting its recommendation that "the defendant has shown recognition of responsibility for the offense and that a reduction of two levels is considered applicable." In explaining the acceptance of responsibility recommendation, the report stated: "On advice of counsel, the defendant declined to make a statement regarding his involvement in the instant offense. However, based on his post-arrest statement and his plea of guilty, it appears that Lopez has accepted responsibility for his actions."
 
 
 4
 The report also noted that "Lopez's adjustment to supervision has been poor." Before his guilty plea, during pretrial supervision between March 31, 1995 and November 17, 1995, Lopez tested positive for opiates on ten different occasions. On three of those occasions he also tested positive for methadone. Lopez denied using drugs when questioned by the probation officer and maintained that the positive results were caused by prescription drug use. This claim was never substantiated, and the prescription drugs that he said he was taking would not have explained the methadone test results. The results of Lopez's urinalysis on January 16, 1996 were negative.
 
 
 5
 At sentencing, the district court accepted the calculation of the base offense level of 6, but rejected the two-level adjustment for acceptance of responsibility. The court noted that the presentence report made a qualified assessment of Lopez's acceptance of responsibility, and disagreed with the report's conclusion: "They do not say he has accepted it, they say it appears that he has accepted it. I don't really find that he has." Two issues troubled the court: first, Lopez had little choice but to admit guilt, given that he knew his crime had been taped; second, Lopez tested positive for drug use and gave clearly insufficient explanations for those results. The court concluded that Lopez did not accept responsibility for his crime and sentenced him to five years of probation.
 
 
 6
 Lopez argues here that the district court misinterpreted the presentence report as expressing reservations about Lopez's acceptance of responsibility. He further maintains that the court erred in considering drug use prior to his guilty plea in denying the two-level deduction. We reject both of these contentions.
 
 
 7
 Under § 3E1.1(a) of the sentencing guidelines, a defendant qualifies for a two-level downward adjustment if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Whether a defendant has accepted responsibility is a factual question. United States v. Irabor, 894 F.2d 554, 557 (2d Cir.1990). Accordingly, "a district court's determination in this regard should not be disturbed unless it is without foundation." Id. (citation and internal quotation marks omitted); see also United States v. Boothe, 994 F.2d 63, 70 (2d Cir.1993). The application notes to § 3E1.1 recognize that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," so that "the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, application note 5.
 
 
 8
 The defendant's argument that the court misunderstood and therefore misused the presentence report is unfounded. The qualifying language in the presentencing report stemmed from the probation office's lack of information. Since Lopez refused on the advice of his counsel to speak about the crime to the probation officers, the presentence report was based only on secondary sources and objective indicia of his cooperation, e.g., his admission of guilt. Although the court may not weigh a defendant's refusal to speak about the crime against him, "[a] defendant's refusal to discuss the offense conduct with the probation officer may reduce the amount of evidence supporting the defendant's claim of acceptance." United States v. Vance, 62 F.3d 1152, 1157 (9th Cir.1995). Here, since the defendant refused to speak, the report's basis was limited. The court therefore concluded that the probation office's assessment was "not too sure," and, as it is free to do, relied on its own measure of the defendant's acceptance of responsibility rather than on the report's conclusion.
 
 
 9
 Nor was the court's conclusion that Lopez had failed to accept responsibility "without foundation." Lopez's "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction ... constitute[d] significant evidence of acceptance of responsibility." U.S.S.G. § 3E1.1, application note 3. "However, this conduct may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." Id. The court could reasonably find, as it implicitly did, that Lopez's continued post-arrest drug use undercut the evidence of acceptance. See United States v. Defeo, 36 F.3d 272, 277 (2d Cir.1994) (citation and internal quotation marks omitted) (holding that a sentencing court may deny the reduction for acceptance of responsibility when continued criminal conduct indicates "a lack of sincere remorse"); United States v. Harris, 13 F.3d 555, 557 (2d Cir.1994) (holding evidence of continued drug use, inter alia, to be sufficient to outweigh the waiver of the indictment, the signing of the plea agreement, and the entry of a guilty plea, and therefore, to justify the denial of § 3E1.1 reduction).
 
 
 10
 Although continued criminal conduct after a guilty plea may well be more powerful evidence of a lack of acceptance of responsibility than continued criminal conduct before the plea, sentencing courts are not prohibited from using post-arrest, but pre-plea, criminal conduct to assist their evaluation of the sincerity or credibility of the defendant. United States v. Harris, 38 F.3d 95, 99 (2d Cir.1994), cert. denied, 115 S.Ct. 1269 (1995) ("There is no basis in law or logic for a sentencing judge to limit the evidence only to what defendant did after his plea of guilty. All his conduct before the plea may be relevant to a defendant's acceptance of responsibility."). Since it was reasonable for the court to find that Lopez continued to use drugs after his arrest and that he misled the probation officers about that drug use, the court's conclusion that Lopez did not accept responsibility for his crime, and thus that he was not entitled to the two-level reduction, is not baseless and must be upheld.
 
 
 11
 We have examined all of Lopez's contentions, and find them to be without merit. The district court's order is therefore affirmed.