**UNITED STATES of America,**
**Appellee,**

v.

**Steven FISHER, Defendant–Appellant.**

**Docket No. 01–1415.**

United States Court of Appeals,
Second Circuit.

March 20, 2002.

Eric L. Lewis, Baach Robinson & Lewis, Washington, DC, for Appellee.

Stanley J. Okula, Jr.; Cathy Seibel, on the brief, Assistant United States Attorneys, for Mary Jo White, United States Attorney for the Southern District of New York, New York, NY, for Defendant–Appellant.

Present CALABRESI, and JOSÉ A. CABRANES, Circuit Judges, and CAROL BAGLEY AMON,* District Judge.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the sentence imposed by the District Court be and it hereby is AFFIRMED.

Defendant–Appellant Steven Fisher ("Fisher") appeals from a judgment of conviction entered on July 30, 2001 in the United States District Court for the Southern District of New York (Parker, *J.*), following a guilty plea. Fisher was charged, in a thirteen-count indictment, with (1) four counts of mail fraud, in violation of 18 U.S.C. § 1341, (2) making a perjuriously false declaration in connection with a bankruptcy filing, in violation of 18 U.S.C. § 152(3), (3) two counts of personal income tax evasion, in violation of 26 U.S.C. § 7201, (4) two counts alleging the failure to file personal income tax returns, in violation of 26 U.S.C. § 7203, and (5) four counts alleging the failure to file corporate income tax returns for Bellerose Corporation and Winston Barrett Associates (companies controlled by Fisher), in violation of 26 U.S.C. § 7203. Pursuant to a written plea agreement, Fisher pled guilty to one count of mail fraud and one count of personal income tax evasion, for which he was sentenced to 30 months' imprisonment and three years of supervised release. Fisher was also ordered to pay restitution in the amount of $457,520 and a $200 special assessment.

Fisher appeals only his sentence and not the underlying conviction. He contends that the district court erred (a) in refusing to grant a downward departure pursuant to U.S.S.G. § 5K2.13 on the basis of his diminished mental capacity and (b) in denying a three-point reduction in his offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. We reject both of Fisher's contentions.

*I. Downward Departure for Diminished Capacity*

Following the court's acceptance of the plea agreement, the amount of the loss caused by Fisher's conduct and the timing of the fraud remained in dispute. Accordingly, the district court held a hearing pursuant to *United States v. Fatico*, 579 F.2d 707 (2d Cir.1978), to resolve these issues. During the sentencing hearing, the court allowed Fisher to submit evidence of his mental health. This included (1) a written report from Dr. Alexander Bardey, a court-appointed forensic psychiatrist, which stated that "Fisher was suffering from a major depressive disorder at the time of the commission of the ... offenses and that [Fisher's] judgment and abilities were significantly impaired as a result of the symptoms of the illness," and (2) evidence that Fisher had been hospitalized four times since January 1997, twice involuntarily. Fisher argued that such findings warranted a downward departure for diminished capacity. The pertinent Guideline policy statement provides that "[a] sentence below the applicable guidelines range may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity." U.S.S.G. § 5K2.13, p.s. (2001); *see also id.*, cmt. n. 1 ("Significantly reduced mental capacity" means "a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful.").

---

* The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

■ Ultimately, the court declined to depart, stating:

I realize and accept the proposition that a constellation of factors and psychological problems can take cases outside of the heartland and provide a basis for departure. However, in this case, recognizing my legal authority to do so, I am not inclined to depart from the guidelines. So the application is denied. . . .

A district court's exercise of its discretion not to grant a downward departure is unreviewable on appeal unless the sentencing court committed an error of law or misapprehended its power to depart. *United States v. McCarthy*, 271 F.3d 387, 401 (2d Cir.2001); *United States v. Acevedo*, 229 F.3d 350, 356 (2d Cir.), *cert. denied*, 531 U.S. 1027, 121 S.Ct. 602, 148 L.Ed.2d 514 (2000). Fisher argues on appeal that the district court erred because (1) it "equated diminished capacity with insanity," (2) it interpreted the Sentencing Guidelines to allow a departure only in cases where the diminished capacity was the sole "but-for" cause of the offense, and (3) it improperly failed to consider the volitional aspects of the diminished capacity departure guideline.

We do not agree. The record demonstrates that the district court understood the full scope of its authority, that it made none of the legal errors suggested by Fisher, and that its refusal to depart resulted from the exercise of its discretion. Accordingly, we dismiss Fisher's appeal from the court's refusal downwardly to depart.

*II. Acceptance of Responsibility*

After giving the defense counsel and Fisher (who personally addressed the court) the opportunity to explain why Fisher was entitled to a three-point reduction for acceptance of responsibility, during which time the defense focused on Fisher's mental condition and the disputed claims regarding the amount of the loss and timing of the fraud, the district court stated:

Having . . . given it some careful consideration, I conclude that an adjustment for acceptance of responsibility under [§ ] 3E1.1 is not warranted. I will not give one. I do not believe that Mr. Fisher has clearly demonstrated responsibility for his offense. I find that what acceptance of responsibility there was not only was not clear, but I found it guarded, I found it unequivocal [sic][1], and ultimately I found it disingenuous.

I simply didn't believe your testimony, your representations, Mr. Fisher, about why you were doing what you did and what happened to the money. And as I said, I credit Dr. Hyman's testimony.

Fisher contends on appeal that "[t]he court gave no indication that it considered whether . . . Fisher's mental condition contributed to his inability to express in coherent and articulate terms his acceptance of responsibility to the court's satisfaction." "This disregard for the defendant's impaired condition," Fisher claims, "constitutes reversible error, requiring remand for resentencing pursuant to explicit instructions that the court must consider the medical evidence as it bears upon . . . Fisher's acceptance of responsibility."

■ Section 3E1.1 of the Guidelines provides for a reduction in the defendant's offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1. Although a defendant who pleads guilty is routinely afforded a sentence reduction for acceptance of responsibility, *see United States v. Rogers*, 972 F.2d 489, 493 (2d Cir.1992), we have emphasized that "[a] guilty plea does

---

1. Although the transcript reads "unequivocal," both the Government and the defense agree that it appears to be a typographical error.

not, by itself, entitle a defendant to a reduced sentence under § 3E1.1." *United States v. Irabor*, 894 F.2d 554, 557 (2d Cir.1990).

Fisher points out that the Government had stipulated in the plea agreement that an adjustment for acceptance of responsibility would be appropriate and that the Probation Office recommended that Fisher receive a three-level reduction. But, the plea agreement specifically provided that the adjustment was dependent upon "an allocution acceptable to the Court" and noted that the sentencing recommendations were not binding upon the sentencing court.

■■■ Whether or not a defendant has accepted responsibility for the offense of conviction is a factual question as to which the district court's determination should not be disturbed unless it is "without foundation." *Id.; United States v. Reyes*, 9 F.3d 275, 280 (2d Cir.1993). The district court may deny a reduction under § 3E1.1 based on a credibility determination, and it is manifest that, with the defendant before him, "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility" and to assess contrition and candor. U.S.S.G. § 3E1.1, cmt. n. 5; *see Reyes*, 9 F.3d at 280. Hence, the determination of the sentencing judge on acceptance of responsibility is entitled to the highest level of deference. *United States v. Sewell*, 252 F.3d 647, 652 (2d Cir.2001); *Reyes*, 9 F.3d at 280.

■■■ Fisher, however, contends that the district court failed to consider the impact of his mental capacity on his ability to express his acceptance of responsibility. The district court had an adequate opportunity to gauge Fisher's demeanor at the sentencing hearing and to assess Fisher's candor. Unlike the district court in *United States v. Altman*, 901 F.2d 1161 (2d Cir.1990), moreover, the court below considered expert testimony about Fisher's mental state. In the end, it relied on its own assessment of Fisher's capacity and his willingness to accept responsibility. We cannot say that its determination that Fisher had failed sufficiently to accept responsibility for his offense is without foundation.

*CONCLUSION*

Because the record reflects that the district court understood the full scope of its authority to depart and declined, in its discretion, to do so, and because there is an adequate foundation in the record for the court's holding that Fisher failed to accept responsibility for the offenses of conviction, the sentence imposed by the district court is AFFIRMED.