UNITED STATES of America,
Appellee,

v.

Rubén Darío GARZÓN–LONDONO, a.k.a. Ingeniero, a.k.a. El Sordo, a.k.a. Francisco, Defendant–Appellant.

No. 09–2990–cr.

United States Court of Appeals, Second Circuit.

Dec. 17, 2010.

Wayne R. Young, Norwich, VT, for Defendant–Appellant.

Richard C. Tarlowe, Assistant United States Attorney (Preet Bharara, United States Attorney, on the brief, and Katherine Polk Failla, Assistant United States Attorney, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY., for Appellee.

Present JOSÉ A. CABRANES, ROSEMARY S. POOLER, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

On November 8, 2005, an indictment against defendant-appellant Rubén Darío Garzón–Londono ("defendant") was filed in two counts. Count One charged defendant with conspiracy to violate the federal narcotics laws, in violation of 21 U.S.C. § 963, with the following four objects: (i) to distribute and possess with intent to distribute one kilogram and more of heroin, intending and knowing that it would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959, 960(a)(3), and 960(b)(1)(A); (ii) to import one kilogram and more of heroin into the United States, in violation of 21 U.S.C.

§§ 812, 952, 960(a)(1), and 960(b)(1)(A); (iii) to distribute and possess with intent to distribute five kilograms and more of cocaine, intending and knowing that it would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959, 960(a)(3), and 960(b)(1)(B); and (iv) to import five kilograms and more of cocaine into the United States, in violation of 21 U.S.C. §§ 812, 952, 960(a)(1), and 960(b)(1)(B). Count Two charged defendant with conspiracy to violate the federal narcotics laws, in violation of 21 U.S.C. § 846, with the following two objects: (i) to distribute and possess with intent to distribute one kilogram and more of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A); and (ii) to distribute and possess with intent to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A).

On January 15, 2009, defendant pleaded guilty pursuant to a plea agreement to both counts of the indictment before the United States District Court for the Southern District of New York (Michael H. Dolinger, *Magistrate Judge*). On June 16, 2009, the District Court (Colleen McMahon, *Judge)* accepted his plea and sentenced defendant principally to two concurrent terms of 188 months' incarceration, to be followed by concurrent terms of lifetime supervised release. This appeal followed. We assume the parties' familiarity with the remaining factual and procedural history of the case.

On appeal, defendant contends that his sentence was procedurally unreasonable because the District Court declined to adopt a three-level reduction in offense level for acceptance of responsibility under Sentencing Guideline § 3E1.1. We review the reasonableness of a district court's sentencing determinations under a "deferential abuse-of-discretion standard." *Gall*

*v. United States,* 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). A district court commits procedural error when it "fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, [ ] treats the Guidelines as mandatory[,] ... does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact. Moreover, [it] errs if it fails adequately to explain its chosen sentence...." *United States v. Cavera,* 550 F.3d 180, 190 (2d Cir.2008) (in banc) (internal citations omitted).

Here, defendant argues that the District Court abused its discretion in denying him credit for acceptance of responsibility, which would have reduced his offense level from 34 to 31 and his Guidelines Range from 151–188 months to 120–135 months. In support of his claim, defendant emphasizes that the government, the Presentence Report, and defendant's own sentencing submission all recommended credit for acceptance of responsibility. Moreover, defendant's plea agreement stipulated that a three-level reduction would be warranted if he clearly demonstrated acceptance of responsibility. Finally, defendant argues that he in fact admitted his guilt and described his role in the conspiracy "in detail."

Defendant's assertion that the District Court acted unreasonably in denying the three-level reduction is without merit. As we noted in *United States v. Kumar,* 617 F.3d 612, 635 (2d Cir.2010), the "sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *See also* U.S.S.G. § 3E1.1, cmt. n.5. The District Court found that defen-

dant's plea allocution, though adequate to establish guilt for the offenses with which he was charged, significantly understated his involvement in the narcotics conspiracies. For example, the District Court found incredible defendant's statement that his involvement was limited to two phone calls and that his participation was so minor as to render his role, in his words, "irrelevant." The Court concluded that defendant "quite clearly does not accept responsibility for his crimes[;][.] his own mouth condemn[s] him." When a district court believes that the defendant has failed to truthfully admit the full scope of his involvement in an offense, there is nothing unreasonable about denying him a reduction in offense level for acceptance of responsibility. *See, e.g., Kumar,* 617 F.3d at 635–36; *United States v. Reyes,* 9 F.3d 275, 279–81 (2d Cir.1993).

### CONCLUSION

We have considered each of defendant's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.[1]

---

1. We note in passing that the government's reliance upon *United States v. Fisher,* 38 Fed. Appx. 39 (2d Cir.2002) (summary order), in violation of our Local Rules, received no consideration in the course of our review. *See* 2d Cir. R. § 32.1.1. Counsel is advised to comply with our rules in future briefing.