# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40562

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2015

Lyle W. Cayce
Clerk

Plaintiff - Appellee

v.

JORGE ROLANDO GARCIA, SR.,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CV-11

Before JOLLY and DENNIS, Circuit Judges, and REEVES,* District Judge.

PER CURIAM:**

In this § 2255 proceeding, Jorge Garcia raises a claim of ineffective assistance of counsel under the Sixth Amendment based on his trial counsel's alleged failure to advise him about the consequences of proceeding to trial rather than pleading guilty. Without holding an evidentiary hearing, the district court denied the claim. Because there is a material fact-issue as to

---

* District Judge of the Southern District of Mississippi, sitting by designation.
** Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-40562

the advice, if any, provided to Garcia by his trial counsel, the record does not "conclusively show that [Garcia] is entitled to no relief." *See* 28 U.S.C. § 2255.  Consequently, the district court abused its discretion in denying Garcia's § 2255 motion without an evidentiary hearing.  ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall  grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.").

We, therefore, VACATE the district court's order denying Garcia's § 2255 motion and REMAND the case for further proceedings, including an appropriate hearing to resolve all material factual disputes related to Garcia's claim.[1]  We express no view on the merits.

VACATED AND REMANDED.

---

[1] We vacate only that portion of the district court's order  dealing with Ground 1 of Garcia's § 2255 motion (i.e., the claim of ineffective assistance of counsel related to advising Garcia whether to plead guilty).

2

No. 13-40562

E. GRADY JOLLY, Circuit Judge, concurring:

Although Judge Dennis's special concurrence makes the case for one side of the controversy, the Supreme Court has never decided whether there is a Sixth-Amendment right to having counsel effectively inform a defendant of the consequences of not entering an open guilty plea—i.e., cases where the defendant pleads guilty in the absence of a plea offer from the government. It is an open question. *See, e.g., Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012) (discussing communication of the terms of a formal plea offer); *Lafler v. Cooper*, 132 S. Ct. 1376, 1387 (2012) (noting that *Frye* Court was not discussing scenarios where "no plea offer is made"). If this issue comes before the Court at a future time, the Court might find it helpful to consider both sides of the question, after counseled briefing and argument, and not necessarily rely on Judge Dennis's special concurrence.

No. 13-40562

JAMES L. DENNIS, Circuit Judge, concurring:

I concur in the court's summary vacatur and remand, but I write separately to provide a fuller explanation for why I think appellant Jorge Rolando Garcia, Sr.'s claim has potential merit that the district court failed to notice.

Garcia was convicted of possession with intent to distribute marijuana and conspiracy to do the same and was sentenced to 235 months of imprisonment. He filed the present motion for habeas corpus under 28 U.S.C. § 2255, claiming, as pertinent here, that his trial attorney failed to provide effective assistance of counsel under the Sixth Amendment in advising him on the question of whether to plead guilty. He contends, specifically, that his attorney did not advise him that, irrespective of any agreement with the government, if he pleaded guilty he would likely receive a sentencing reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. He further contends that, had he known of the potential reduction for accepting responsibility and been aware that he did not need the government's consent to receive it, he would have pleaded guilty.

It is well established that criminal defendants are entitled under the Sixth Amendment to the effective assistance of counsel when considering how to plead. *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012); *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010). To state a claim of the deprivation of effective assistance of counsel, the defendant must allege, first, that the representation of his attorney was deficient in that it fell below an objective standard of reasonableness and, second, that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

If Garcia's allegation is true, that his attorney did not advise him as to the potential for an acceptance-of-responsibility reduction, thus leaving him

4

with the belief that he had nothing to gain by pleading guilty, there can be little question that the attorney's performance was deficient. *See United States v. Grammas*, 376 F.3d 433, 437 (5th Cir. 2004).

The next question is whether Garcia's allegations suffice to state a claim of prejudice. Prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of Garcia's claim presented in this case, the question is whether there is a reasonable probability that, had Garcia been aware of the potential sentencing reduction for accepting responsibility, he would have admitted his criminal conduct and pleaded guilty, received the reduction, and, at the end of the day, received a sentence less than the one that was imposed.

Is there a reasonable probability that, had Garcia been advised properly, he would have admitted his criminal conduct and pleaded guilty? Garcia says he would have, and, at this stage of the case, we have no reason to doubt it. *See United States v. Reed*, 719 F.3d 369, 375 (5th Cir. 2013).

Is there a reasonable probability that, had Garcia admitted his criminal conduct and pleaded guilty, he would have received a sentencing reduction for accepting responsibility? Under the Sentencing Guidelines, a defendant may receive a sentencing reduction if he "clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a). When defendants enter a guilty plea prior to trial and truthfully admit their criminal conduct, the reduction is often granted as a matter of routine. *See, e.g.*, *United States v. Fisher*, 38 F. App'x 39, 41 (2d Cir. 2002) (unpublished) (stating, in dicta, that defendants who plead guilty are "routinely" afforded the reduction); *United States v. Rogers*, 972 F.2d 489, 493 (2d Cir. 1992) (same); *United States v. Baird*, 109 F.3d 856, 870 (3d Cir. 1997) (same); *United States v. Whitson*, 125 F.3d 1071, 1075 (7th Cir. 1997) ("frequently granted"); *United States v. Kimes*, 624 F. Supp. 2d 565,

No. 13-40562

572 (W.D. La. 2009) ("routinely"); *United States v. Santos*, No. 1:02-CR-127, 2003 WL 21088960, at \*2 (E.D. Tenn. May 2, 2003) (same); *Wallace v. United States*, No. 4:10-CR-116, 2013 WL 1395685, at \*3 (E.D. Va. Apr. 4, 2013) ("a matter of routine"); *Lejhanec v. United States*, No. 1:99-CV-4387, 1999 WL 1487594, at \*6 (E.D.N.Y. Nov. 29, 1999) ("a matter of course"). In fact, it is the law of this circuit that, if the defendant pleads guilty and admits his criminal conduct, the district court commits reversible error if it declines to award the reduction without a "foundation" for doing so. *United States v. Patino-Cardenas*, 85 F.3d 1133, 1136 (5th Cir. 1996). Here, nothing in the record suggests that the district court would have any foundation for denying the reduction. *Cf. United States v. Faubion*, 19 F.3d 226, 229-30 (5th Cir. 1994) (defendant's conduct as a fugitive and denial of knowledge of the crime were "diametrically inconsistent with any acceptance of responsibility"). There is, therefore, a reasonable probability that Garcia would have received the reduction.[1]

Is there a reasonable probability that, had Garcia pleaded guilty and received the reduction, his sentence would have been shorter than the one imposed? Specifically, we must take note that Garcia was charged with three counts of criminal conduct and was, at trial, only convicted of two. If he had pleaded guilty, he would have had to plead guilty to all three counts.[2] Therefore, the question we must address is, if Garcia had pleaded guilty to the additional count, the one of which he was acquitted, would his sentencing exposure have differed? The short answer is no. With respect to the statutory

---

[1] Subsection (b) of § 3E1.1 provides an additional reduction in certain instances when the government has moved for such. It is possible, but more speculative, that Garcia could have received that further reduction.

[2] We must assume that Garcia would have pleaded guilty to all three counts because he does not allege that a competent attorney could have had the third count dismissed, nor is there any basis in the record for us to presume such.

sentencing range, the additional conviction would have made no difference. Garcia was convicted of a crime (count five of the indictment) that exposed him to a mandatory minimum of ten years of incarceration and a maximum of life imprisonment.   21 U.S.C. § 841(b)(1)(A)(vii).   The crime of which he was acquitted (count two) exposed him to less: between five and forty years of incarceration.  § 841(b)(1)(B)(vii).  In other words, if Garcia had pleaded guilty to all three counts, the statutory sentencing range would have been the same. The same is true for the Sentencing Guidelines range.  Even though Garcia was acquitted of one count, he was nevertheless held responsible at sentencing for the alleged conduct underlying that count.   Presentence Investigation Report ¶ 64; *see United States v. Valdez*, 453 F.3d 252, 264 (5th Cir. 2006) ("A jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence.").  In short, had Garcia pleaded guilty to all three counts, he would have faced the same sentencing ranges under the relevant statutes and Guidelines provisions as he faced after trial.   The only difference would have been the reduction for acceptance of responsibility.  There is, therefore, a reasonable probability that Garcia would have received a shorter sentence than the one imposed.[3]

For these reasons, Garcia's Sixth Amendment claim cannot be dismissed as a matter of law.  Garcia says that his attorney did not advise him as to the possibility of receiving a sentencing reduction for acceptance of responsibility. Had his attorney advised him properly, he would have pleaded guilty, he says. Under the applicable law, there is more than a reasonable probability that, had

---

[3] We need not determine how much shorter Garcia's probable sentence would have been.  *See United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012) ("Any amount of additional jail time is significant for purposes of showing prejudice.").

he done so, he would have received a shorter sentence. Garcia has alleged deficiency and prejudice, and the district court erred in denying him the opportunity to prove his allegations.