22-1536-cr (L)
*United States v. Hill*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand twenty-four.

Present:
    DEBRA ANN LIVINGSTON,
       *Chief Judge*,
    JOHN M. WALKER,
    SUSAN L. CARNEY,
       *Circuit Judges*.

---

UNITED STATES OF AMERICA,

       *Appellee*,

    v.
                                22-1536 (L),
                                    22-1537 (Con),
                                    22-1544 (Con)

SHAWN HILL,

       *Defendant-Appellant*.

---

For Defendant-Appellant:        JONATHAN I. EDELSTEIN, Edelstein & Grossman, New York, NY.

For Appellee:        TARA E. LEVENS (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Shawn Hill appeals from three judgments entered on July 18, 2022, in connection with his consolidated plea and sentencing in the United States District Court for the District of Connecticut (Chatigny, *J.*). On September 22, 2020, Hill pleaded guilty both to assault on a correctional officer—which occurred while he was incarcerated on a federal firearm charge in Pennsylvania—in violation of 18 U.S.C. § 111(a), and conspiracy to distribute, and to possess with intent to distribute, cocaine base and heroin, in violation of 21 U.S.C. §§ 864, 841(a)(1), and 841(b)(1)(C). The latter offense occurred in Connecticut while Hill was on supervised release in connection with the firearm case. At the consolidated sentencing, the district court sentenced Hill to 57 months' imprisonment on each of the assault and narcotics conspiracy offenses, to run concurrently, and to be followed by concurrent three-year terms of supervised release. Hill was also sentenced to 21 months' imprisonment for the violation of supervised release, to run consecutively to the other terms of imprisonment. On appeal, Hill raises three challenges to his sentences. In addressing these challenges, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only as necessary to explain our decision to **AFFIRM**.

\*　　\*　　\*

This Court reviews sentences for procedural and substantive reasonableness under "a particularly deferential form of abuse-of-discretion review." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012) (citation omitted). We find procedural error where, *inter alia*, the district

2

court "makes a mistake in its Guidelines calculation," "does not consider the [18 U.S.C.] § 3553(a) factors," or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). We will vacate a sentence as substantively unreasonable "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

## I.  Acceptance of Responsibility

Hill first argues that the district court committed procedural error by denying him a three-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. We disagree. "A defendant who enters a guilty plea is not entitled to an adjustment [for acceptance of responsibility] as a matter of right." *Id.* Commentary, App. Note 3. Evidence of acceptance of responsibility "may be outweighed by conduct of the defendant that is inconsistent with such acceptance . . . ." *Id.* Here, the district court provided three reasons for denying credit:  that following his guilty plea and while incarcerated, Hill threatened to kill a correctional officer; that Hill thereafter attempted to withdraw his guilty plea; and that Hill at sentencing offered "no evidence of acceptance of responsibility in the sense of contrition or remorse." A305. "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," *United States v. Ortiz*, 218 F.3d 107, 109 (2d Cir. 2000) (quoting U.S.S.G. § 3E1.1, Commentary, App. Note 5), and the court's determination "should not be disturbed unless it is 'without foundation.'" *United States v. Harris*, 13 F.3d 555, 557 (2d Cir. 1994) (quoting *United States v. Irabor*, 894 F.2d 554, 557 (2d Cir. 1990)). The district court's determination here has ample foundation.

The incident in which Hill threatened the corrections officer, the graphic facts of which he does not contest, was both sufficiently related to his prior physical assault on an officer and serious in nature so as to be incompatible with a sincere acceptance of responsibility. *See United States*

*v. Chu*, 714 F.3d 742, 744 (2d Cir. 2013). Hill claims that this incident occurred while he was on suicide watch and not "in his right mind." App't Br. at 14. The Presentence Report ("PSR") notes, however, that mental health staff determined that Hill "was utilizing threats of self-harm for secondary gain with no intent" during this episode. PSR Add. 2. And in any event, the district court made clear that even assuming the truth of Hill's claim, the record was otherwise sufficient to demonstrate that Hill did not fully accept responsibility. We agree. In particular, an attempt to withdraw a guilty plea "is a well-established ground for denying the [acceptance of responsibility] adjustment," *United States v. Hirsch*, 239 F.3d 221, 226 (2d Cir. 2001) (internal citation omitted), and the district court did not err in determining that Hill's conduct in this regard "outweigh[ed] the evidence of acceptance of responsibility provided by the timely guilty plea," A304. The district court also relied on its observations of Hill at sentencing, noting that Hill failed to express "sorrow or regret," offer "[a]ny apology," or express "[a]ny concern for the guard[s]" whom he harmed or the victims of drug trafficking. A306. Based on the reasoned analysis of the district court, we conclude that it did not abuse its discretion in denying credit for acceptance of responsibility when calculating the Guidelines range.

## II.      Substantive Unreasonableness

Hill next argues that his 78-month combined sentence is substantively unreasonable in light of, *inter alia*, his history, the nature of his offenses, and his plans for life upon release. We again disagree. The district court properly considered the § 3553(a) factors—including the nature of the offense, characteristics of the defendant, need for the sentence imposed, and available sentences. Hill's 57-month concurrent sentences as to the assault and narcotics conspiracy offenses fell squarely in the middle of his Guidelines range of 51–63 months, while the 21-month sentence imposed by the court for Hill's supervised release violation fell below the applicable maximum of

4

two years.[1] Although this Court has declined to adopt a presumption that a within-Guidelines sentence is reasonable, we have stated that "[i]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Bryant*, 976 F.3d 165, 181 (2d Cir. 2020) (quoting *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006)). Such is the case here. Hill's sentences are not "shockingly high" in view of the factors cited by the district court, *Rigas*, 583 F.3d at 123; rather, they are squarely "located within the range of permissible decisions," *Cavera*, 550 F.3d at 189.

### III. Supervised Release Conditions

Finally, Hill challenges two special conditions of supervised release: one that requires him to serve the first six months of supervised release at a halfway house and another that subjects him to a curfew with location monitoring for the following six months. This Court reviews conditions of supervised release under a deferential abuse of discretion standard. *United States v. Johnson*, 446 F.3d 272, 277 (2d Cir. 2006). When a defendant does not contemporaneously object to the special conditions, we conduct only plain error review. *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (per curiam). At sentencing, Hill's counsel did not object to the two conditions at issue; accordingly, the Government argues that the plain error standard applies. However, Hill exclaimed to the court after it announced the special conditions: "You do understand I'm a 39 year old man and you are trying to treat me like a child." A313. In any event, we need

---

[1] The court noted that it imposed the sentence for the supervised release violation consecutively in accordance with the policy of the Sentencing Commission, explaining, "I see no reason to depart from that policy." A315.

not determine whether Hill's remarks preserved his objection, because under either an abuse of discretion or plain error standard, Hill's arguments fail.[2]

A sentencing court may impose special conditions of supervised release that are "reasonably related" to the § 3553(a) factors, "involve[] no greater deprivation of liberty than is reasonably necessary" to implement the statutory purposes of sentencing, and are consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3583(d); *see also* U.S.S.G. § 5D1.3(b); *United States v. Myers*, 426 F.3d 117, 123–24 (2d Cir. 2005). "[S]entencing courts have 'broad discretion to tailor conditions of supervised release to the goals and purposes outlined in § 5D1.3(b).'" *United States v. Amer,* 110 F.3d 873, 883 (2d Cir. 1997) (quoting *United States v. Abrar*, 58 F.3d 43, 46–47 (2d Cir. 1995)).

Hill first argues that spending six months in a halfway house constitutes an "unusual and severe" condition that effectively extends his sentence and constitutes a greater-than-necessary deprivation of liberty. We disagree. Both the Guidelines and our precedent support the imposition of halfway house residency as a special condition when appropriate under 18 U.S.C. § 3583(d). *See* U.S.S.G. § 5D1.3(e)(1); *see also id.* § 5F1.1 ("Community confinement may be imposed as a condition of probation of supervised release."); *United States v. Murdock*, 735 F.3d 106, 112–13 (2d Cir. 2013) (holding that a halfway house condition was "plainly reasonable" given the defendant's criminal history, including previous violations of supervised release conditions).

---

[2] Notably, Hill did not have notice of the special conditions prior to sentencing. We have repeatedly affirmed that when a defendant does not receive prior notice of a special condition imposed at sentencing, we may "entertain [a defendant's] challenge without insisting on strict compliance with the rigorous standards of Rule 52(b)." *United States v. Sofsky*, 287 F.3d 122, 125–26 (2d Cir. 2002); *Green*, 618 F.3d at 122. The Government argues that this relaxed plain error standard is inconsistent with the Supreme Court's recent decision in *Greer v. United States*, 593 U.S. 503, 512 (2021). We need not address this issue either, however, since Hill's arguments fail under both versions of the plain error standard.

Here, the district court provided sound reasons for the condition imposed, including Hill's prior rapid return to criminal activity while on supervised release and his assault upon a correctional officer while serving a federal sentence. The district court assessed that in light of Hill's "very high" risk of recidivism, this condition "give[s] [Hill] whatever chance [he] ha[s] of turning over a new leaf and starting what [he] ha[s] referred to as a new chapter." A316–17. We do not disturb this conclusion.

Hill next argues that the curfew and location-monitoring condition is excessive, asserting that the district court did not explain the reason for its imposition or consider more tailored alternatives. For much the same reasons as above, these arguments, too, are unavailing. The Sentencing Commission policy states:

> A condition imposing a curfew may be imposed if the court concludes that restricting the defendant to his place of residence during evening and nighttime hours is necessary to provide just punishment for the offense, to protect the public from crimes that the defendant might commit during those hours, or to assist in the rehabilitation of the defendant. Electronic monitoring may be used as a means of surveillance to ensure compliance with a curfew order.

U.S.S.G. § 5B1.3(e)(5).

The district court reasonably concluded that the curfew and monitoring would be appropriate here as part of the conditions imposed to serve "the interests of Mr. Hill, his loved ones[,] and the public." A311. In considering these conditions, the court recognized barriers to Hill's re-entry into society, including that Hill has sold drugs since childhood and was childhood friends with co-conspirators in the narcotics conspiracy he joined soon after his release. The district court expressed its assessment that Hill "needs to be off the street and at home when he is not engaged in legitimate activity, whether it is working, attending treatment, engaged in programming

7

or for other reasons." A313. The court did not effect a greater-than-necessary deprivation of liberty in imposing this special condition.

$$* \quad * \quad *$$

We have considered Hill's remaining arguments and conclude they lack merit. We therefore **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court